IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| v. | )   CRIMINAL ACTION NO. |
| | )        2:05cr19-MHT |
| **ARTEMIS JAMAL TERRY** | )           (WO) |

OPINION

This criminal case is now before the court on defendant Artemis Jamal Terry's motion for a downward departure. The motion will be denied.

I. BACKGROUND

Terry pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Probation Department prepared a presentence investigation report (PSR), which concluded that Terry's criminal history under the United States Sentencing Guidelines was Category V. Terry filed numerous objections to his PSR and also filed a motion for downward departure, claiming

that his criminal history score over-represents the seriousness of his past criminal conduct.

A sentencing hearing was held on December 14, 2005, at which the court sustained Terry's fourth objection, which lowered his criminal history to Category IV, and reserved judgment on the downward-departure motion now before the court.

## II. DISCUSSION

Terry claims that a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1) is warranted because his criminal history score over-represents the seriousness of his criminal past. Section 4A1.3(b)(1) of the Guidelines provides that a downward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

Terry first maintains that six of the points arise from one offense, the drug-possession conviction, which is the felony supporting his felon-in-possession conviction. This characterization misapprehends the Guideline provisions at issue. Three points arise from the drug-possession offense, see U.S.S.G. § 4A1.1(a), and three additional points arise from the interplay of that conviction and the instant offense, see U.S.S.G. § 4A1.1(d) (adding two points if the instant offense occurred while defendant was on probation for a previous offense) and U.S.S.G. § 4A1.1(e) (adding one point if the instant offense occurred less than two years after being released from confinement for a previous felony). Thus, three of the points apply because he committed this offense so soon after being released and committing the drug offense.

Terry also maintains that the three points he received for his drug offense overstate the seriousness of that offense, which involved the sale of just over

3

one-tenth of a gram of cocaine.  To be sure, he received a very harsh (15-years imprisonment, with requirement to serve two before being eligible for parole) sentence for the drug offense, which was his first adult criminal offense.  The Alabama criminal statutes allow for a mandatory minimum of three years only if the defendant had 28 grams or more of cocaine.  <u>See</u> 1975 Ala. Code § 13A-12-231(2)(a).  Thus, for 1/200 of the amount, he received 2/3 of the time contemplated under that statute.  However, the Eleventh Circuit Court of Appeals has clearly stated that "whether a defendant is a big-time dealer or merely a small-time street-level dealer" does not matter in considering whether a defendant has a "pattern" of criminal conduct.  <u>United States v. Rucker</u>, 171 F.3d 1359, 1361 (11th Cir. 1999).  This alone cannot serve as a basis for a downward departure.

Finally, Terry makes the much broader argument that the State of Alabama imposed extremely harsh sentences on

him on all three occasions[*] that he encountered the criminal justice system, and one reason he has such a high criminal history score is because the State repeatedly and inexplicably gave him harsh punishments for his conduct.  The sentence for the drug conviction does seem quite harsh in light of the statutory scheme (as noted, Terry sold just over one-tenth of a gram of cocaine yet received a sentence that was two-thirds of the mandatory minimum for someone who is convicted of dealing 28 grams of cocaine).  Likewise, the State could have elected not to pursue felony criminal charges against the 15-year old Terry, who was then a ward of the State, when he walked away from the juvenile court because he wanted to see his grandmother.

---

     *  The first of the three was Terry's adjudication for assault when he was ten-years old.  In granting Terry's fourth objection to the PSR, the court removed this offense from his criminal history score.  Accordingly, the court will address only the second and third contacts with the criminal justice system, the adjudication for escape that occurred when Terry was 15-years old and drug-possession conviction that occurred when he was 18-years old.

The government maintains, however, that this court cannot consider this information when deciding whether to depart under § 4A1.3(b)(1), but should consider only the risk of recidivism.  The government relies on United States v. Adams, 316 F.3d 1196, 1199 (11th Cir. 2003) (holding that § 4A1.3 is concerned with pattern and timing of prior convictions); United States v. Smith, 289 F.3d 696, 713 (11th Cir. 2002) (holding non-violent nature of crimes cannot support downward departure); United States v. Rucker, 171 F.3d 1359, 1363 (11th Cir. 1999) (holding that amount of drugs sold is not part of pattern of offenses); and United States v. Phillips, 120 F.3d 227, 232 (11th Cir. 1997) (holding that court cannot depart downward because of doubts of the validity of a conviction), to support its position.  To be sure, these cases focus on the pattern and timing of prior convictions.  However, the Eleventh Circuit has not held that the only basis for a downward departure under § 4A1.3 is a finding that the defendant is not a risk of

recidivism. In fact, such a holding would be unsupportable for several reasons.

First, such a rule would completely ignore the plain language of § 4A1.3(b)(1), which states that a downward departure may be warranted if "reliable information indicates that the defendant's criminal history category <u>substantially over-represents the seriousness of the defendant's criminal history</u> or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1) (emphasis added).

Second, such a rule would ignore the background comment contained in the commentary to § 4A1.3, which explains that upward departures may be warranted if a defendant received exceptionally lenient treatment in the past. U.S.S.G. § 4A1.3 background cmt. The commentary explains that some defendants, particularly young ones, may receive more lenient treatment for serious, violent offenses than other defendants do for less serious offenses. <u>Id</u>. If courts can depart upward based on

7

overly lenient sentences on young defendants, it certainly stands to reason that a court could depart downward for excessively harsh sentences imposed on a young defendant.

Finally, the government reads too much into an illustrative example included in application note 3 to § 4A1.3, which states that a downward departure may be warranted "if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Illustrative examples do not categorically define the universe of possible applications of a provision. If the Commission intended the departure to apply only if the prior offenses were minor misdemeanors and ten years had passed, the court sees no reason why the provision itself does not have explicitly say as much.

For these reasons, the court concludes that the Eleventh Circuit's decisions do not stand for the

proposition that a court can consider only the risk of recidivism when considering a motion for downward departure pursuant to § 4A1.3(b)(1).  Instead, they stand for the proposition that the court should give great weight to the risk of recidivism in light of the timing and pattern of the defendant's past offenses and only depart if the past offenses greatly overstate the severity of the past misconduct.  A defendant's history of recidivism is a key factor in determining if the severity is overstated, but not an exclusive factor.

    Here, Terry's original criminal history score, as calculated by Probation (which was Category V), might have warranted the downward departure.  Far from leniency, Terry received an harsh sentence for his first adult criminal offense, the drug-possession offense, and was adjudicated as a criminal for essentially walking away after a juvenile court hearing.  Nonetheless, Terry committed this offense less than two weeks after being released from jail for his drug offense, so his recent

9

conduct demonstrates that he may be on the road to becoming a persistent offender.

Therefore, the court will deny Terry's motion for a downward departure. Within the parameters of the Guidelines, his criminal history score accurately reflects his past conduct. The court notes that had it not sustained Terry's fourth objection to the PSR, which effectively removed two points from his criminal history score for the assault that occurred when he was 10-years old, this motion would have presented a much closer question. Whether the Guideline sentence is reasonable under 18 U.S.C. § 3553 is another matter altogether, which the court is still considering.

An appropriate order will be entered.

DONE, this the 27th day of March, 2006.

                                        /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE